UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

ROBERT P. BARBATO and GINA BARBATO,      :

                                         :

                        Plaintiffs,      :        14-CV-2233 (NSR)

          -against-                      :        OPINION & ORDER

                                         :

U.S. BANK NATIONAL ASSOCIATION           :
AS TRUSTEE FOR THE HOLDERS OF            :
STRUCTURED ADJUSTABLE RATE               :
MORTGAGE 2005-16X,                       :

                                         :

                        Defendant.       :

------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

Plaintiffs Robert and Gina Barbato ("Plaintiffs") bring this action against Defendant U.S.

Bank National Association as Trustee for the Holders of Structured Adjustable Rate Mortgage

2005-16X ("U.S. Bank" or "Defendant"), alleging violations of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 *et seq.*, for wrongful collection and fraud, as well as asserting a

claim to quiet title to Plaintiffs' property located in Carmel, Indiana. Plaintiffs also appear to

assert claims for common law fraud and unjust enrichment.

Before the Court is Defendant's motion to dismiss Plaintiffs' Amended Complaint

pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the

following reasons, Defendant's motion is GRANTED.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/12/2016

## BACKGROUND

The following facts are taken from Plaintiffs' Amended Complaint ("AC") unless otherwise noted, and are accepted as true for purposes of this motion.[1]

On or about May 9, 2005, Plaintiffs executed a note in the amount of $393,000 (the "Note"), in connection with a mortgage executed on their property located in Carmel, Indiana. (AC ¶ 7.) America's Wholesale Lender served as the lender for the Note. (*Id.*) The Mortgage accompanying the Note was foreclosed upon by Defendant in Indiana state court on March 12, 2012. (*Id.* ¶¶ 8, 11.) Plaintiffs contend that only the Mortgage was the subject of the foreclosure action in Indiana, (*id.* ¶¶ 11, 58-60), leaving any rights and causes of action related to the Note ripe for further litigation. (*Id.* ¶¶ 9-12.) Following the foreclosure action, Defendant continued to attempt to collect money related to the Note from Plaintiffs, and on or about August 29, 2013, enlisted the aid of Select Loan Servicing to offer Plaintiffs a trial modification plan. (*Id.* ¶¶ 9, 13.)

Plaintiffs contend that the terms of the Note, including the interest rates offered, were "untenable and unconscionable," "buried in tiny print in the closing documents," and constituted a "bait and switch" on Plaintiffs. (*Id.* ¶¶ 16-23.) Plaintiffs also complain that a "teaser" rate was used to entice them into executing the Note and that the adjustable nature of the offered interest rate was not disclosed. (*Id.* ¶¶ 26-27.)

Finally, Plaintiffs allege that the "chain of title of the Note and Mortgage is greatly

---

[1] Plaintiff Robert Barbato was granted permission by the Court to amend his original Complaint on December 19, 2014. (*See* Docket Minute Entry, 12/19/2014.) The Amended Complaint, which now adds Gina Barbato as a named Plaintiff, was deemed served by the Court, but Plaintiff was required to file the Amended Complaint on the Court's ECF system. (*Id.*) Plaintiff attempted to file the Amended Complaint twice, (*see* Docket Nos. 8, 9), but each attempt at filing was improper and bounced by the Court's filing system. Although Plaintiff never refiled the Amended Complaint properly, for purposes of this motion, the Amended Complaint will be considered the operative complaint.

suspect." (*Id.* ¶ 41.)  Although Plaintiffs recognize that the Mortgage was assigned to Defendant

on June 3, 2010, they contend that because the Defendant's "Trust pool" closed in 2005, any

assignment of the Note or Mortgage to Defendant after 2005, as allegedly occurred here, "is

legally meaningless." (*Id.* ¶¶ 43-46.)  As a result, America's Wholesale Lender still owns the

Note.  (*Id.* ¶ 49.)

## STANDARD ON A MOTION TO DISMISS

"A case is properly dismissed for lack of subject matter jurisdiction under [Federal] Rule

[of Civil Procedure] 12(b)(1) when the district court lacks the statutory or constitutional power to

adjudicate it." *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011) (internal citation and

quotation marks omitted).  "A plaintiff asserting subject matter jurisdiction has the burden of

proving by a preponderance of the evidence that it exists." *Morrison v. Nat'l Australia Bank

Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting *Makarova v. United States*, 201 F.3d 110, 113

(2d Cir. 2000)).  In assessing whether there is subject matter jurisdiction, the Court must accept

as true all material facts alleged in the complaint, *Conyers v. Rossides*, 558 F.3d 137, 143 (2d

Cir. 2009), but "the court may resolve [any] disputed jurisdictional fact issues by referring to

evidence outside of the pleadings, such as affidavits . . . ." *Zappia Middle E. Const. Co. v.

Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000).

Under Federal Rule of Civil Procedure 12(b)(6), the inquiry is whether the complaint

"contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007)); *accord Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).  The

Court, again, must take all material factual allegations as true and draw reasonable inferences in

the non-moving party's favor, but the Court is "'not bound to accept as true a legal conclusion

couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.  When there are well-pleaded factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*  A claim is facially plausible when the factual content pleaded allows a court "to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

In ruling on a motion to dismiss, a "court may consider the facts as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (internal quotation marks and citation omitted).  Courts also may consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

## DISCUSSION

1. Application of the *Rooker-Feldman* Doctrine

U.S. Bank asserts that Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine, which denies "federal district courts . . . jurisdiction over cases that essentially amount to appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005)). To apply the *Rooker-Feldman* doctrine, the Court must find that the following four requirements are met:

> First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must 'complain[] of injuries caused by [a] state-court judgment[.]' Third, the plaintiff must 'invit[e] district court review and rejection of [that] judgment[].' Fourth, the state-court judgment must have been 'rendered before the district court proceedings commenced.'"

*Holblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (quoting *Exxon Mobil Corp.*, 544 U.S. at 284) (alterations in original); *see also Chestnut v. Wells Fargo Bank, N.A.*, No. 10–CV–4244 (JS)(ARL), 2011 WL 838914, at *2 (E.D.N.Y. Mar. 2, 2011).  "Courts in this Circuit have consistently held that a plaintiff who lost possession of his home in a state court foreclosure proceeding is barred by the *Rooker–Feldman* doctrine from attacking the state court judgment in federal district court."  *Gray v. Americredit Fin. Servs., Inc.*, No. 07 Civ. 4039(SCR)(MDF), 2009 WL 1787710, at *4 (S.D.N.Y. Jun. 23, 2009).

The first and fourth requirements of *Rooker-Feldman* are easily satisfied in this matter. Plaintiffs lost their foreclosure action in Indiana state court and Plaintiffs' appeal of the judgment was dismissed on January 8, 2014, prior to the initiation of this action on March 31, 2014.  (*See* Declaration of Michael E. Blaine, Esq. ("Blaine Decl."), Docket No. 14, Exs. A-D.)  The Court therefore focuses on the second and third requirements of the test.

The Amended Complaint describes the "crux" of Plaintiffs' case as derived from Defendant's lack of "ownership of the Note and Mortgage on the subject property" and the improper use of the Indiana courts "to wrongfully foreclose and obtain the title to the property." (AC ¶ 5.)  Plaintiffs' "Prayer for Relief" requests, among other things, "[q]uieting title against Defendants," "[r]eturning possession of the property to Plaintiff," and "[e]xpunging the debt obligations and instruments asserted by Defendants against Plaintiff's subject property from the record."  (AC, at Prayer For Relief (a)-(c).)  Although Plaintiffs contend that this matter "seeks to address only the uses of . . . the Note," (AC ¶ 15), it is clear from Plaintiffs' requested relief

that they are asking this Court to find that Defendant does not own the Note or the Mortgage, thus invalidating the foreclosure judgment and returning the property to Plaintiffs. In simplest terms, Plaintiffs appear to be arguing that Defendant lacked standing to foreclose or procured the foreclosure through fraudulent means.

In order to grant Plaintiffs the relief they seek, this Court would need to review and reject the state court judgment, in which the Note and Mortgage were attached to Defendant's foreclosure complaint, (*see* Blaine Decl., Ex. A), and which must have been found to be valid in order for the state court to issue a judgment of foreclosure on the property in favor of Defendant. In other words, the relief that Plaintiffs seek – quiet title and return of their property – would require this Court "to review the state proceedings and determine that the foreclosure judgment was issued in error." *Vossbrinck*, 773 F.3d at 427. Such review is plainly inappropriate under *Rooker-Feldman*. *Id.* (holding that *Rooker-Feldman* barred review of a plaintiff's claims where, as here, the plaintiff argued that the defendant was not the owner of the note and mortgage when the foreclosure action was initiated in state court.)

Plaintiffs' argument that their allegations of fraud prevent the applicability of *Rooker-Feldman* is unavailing. (*See* Pl.'s Opp. at 10-11.) Although a claim of fraud may preclude the Court from applying *Rooker-Feldman*, it does so only when the complaint "does not attempt to reverse or undo a state court judgment." *Babb v. Capitalsource, Inc.*, 588 F. App'x 66, 68 (2d Cir. 2015). But Plaintiffs have attempted to do precisely that, obviating the need for the Court to apply the fraud exception to *Rooker-Feldman*.

Although the Court believes that *Rooker-Feldman* bars the remainder of Plaintiffs' claims for wrongful collection, common law fraud, and unjust enrichment based on Plaintiffs' concession that the "crux" of this action is derived from the Indiana state court decision (*see* AC

¶ 5) and that the allegations underlying these claims are intertwined with questions of whether Defendant owns the Note or the Mortgage (*see*, *e.g.*, AC ¶¶ 67-71, 73), to the extent it does not, Plaintiffs' remaining claims fail to state a claim under Federal Rules of Civil Procedure 9(b) and 12(b)(6) as described below.

2.   FDCPA Claims

Counts One and Three allege violations of the FDCPA by wrongful collection and fraud, respectively.  Although Plaintiffs purportedly sue under the FDCPA, they fail to cite to any provision or subsection of the Act, leaving the Court and Defendant to speculate as to the bases for their claims.  Such vague pleadings, while perhaps permissible if Plaintiffs were proceeding *pro se*, fail to meet the plausibility standard required under *Twombly* and *Iqbal*.  *See generally Iqbal*, 556 U.S. 662 (2009); *Twombly*, 550 U.S. 544 (2007).

To the extent that Plaintiffs actually raise claims under the FDCPA, they nonetheless fail to state a claim under the Act.  "To state a FDCPA claim, a plaintiff must show that: (1) []he has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA."  *Ogbon v. Beneficial Credit Servs., Inc.*, No. 10 CV 03760 GBD, 2011 WL 347222, at *4 (S.D.N.Y. Feb. 1, 2011) (internal citation and quotation marks omitted). "Debt collectors" as defined by the FDCPA are persons "who regularly collect[] or attempt[] to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a.  "In contrast, a 'creditor' is a 'person who offers or extends credit creating a debt,' but 'does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.'" *Schuh v. Druckman & Sinel, L.L.P.*, 602 F. Supp. 2d 454, 462 (S.D.N.Y. 2009) (quoting 15

7

U.S.C. § 1692a(4)).  "[C]reditors generally are not subject to the FDCPA unless the creditor[,] in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." *Id.* (internal citations and quotation marks omitted).

The Amended Complaint lacks any allegations asserting that Defendant is a debt collector within the meaning of the FDCPA.  Plaintiffs' allegations fail to state, even when read liberally, that Defendant is an entity who regularly collects or attempts to collect the debts owed to another, or uses a name other than its own to collect its debts.  Thus, because Defendant is not a debt collector, Plaintiffs' FDCPA claim fails.

3.   Common Law Fraud Claims

Although Count Three of the Amended Complaint alleges violations of the FDCPA, it also appears to allege a claim for common law fraud.  "To state a common law fraud claim in New York, a plaintiff must allege that (1) the defendant made a material false representation; (2) the defendant intended to defraud the plaintiff thereby; (3) the plaintiff reasonably relied upon the representation; and (4) the plaintiff suffered damage as a result of such reliance." *GEM Advisors, Inc. v. Corporacion Sidenor, S.A.*, 667 F. Supp. 2d 308, 332 (S.D.N.Y. 2009) (quoting *Banque Arabe et Internationale D'Investissement v. Md. Nat. Bank*, 57 F.3d 146, 153 (2d Cir. 1995)).  Moreover, a fraud claim must be pled with particularity.  *See* Fed. R. Civ. P. 9(b). Factual allegations must reflect the "who, what, when, where and how of the alleged fraud." *Bauman v. Mount Sinai Hosp.*, 452 F. Supp. 2d 490, 503 (S.D.N.Y. 2006) (internal citation and quotation marks omitted).  Plaintiffs completely fail to meet this heightened pleading standard.

Plaintiffs allege a host of complaints regarding the terms of the Note – essentially that they were "untenable and unconscionable" (*see* AC ¶ 20) – but immediately concede that all of

8

these terms were included in the Note, albeit "buried in tiny print in the closing documents."

(AC ¶ 23.)  Plaintiffs ultimately conclude that: (1) "Lender defrauded Plaintiff into the debt

wrongfully," (AC ¶ 32); (2) "the inception of the mortgage is based upon fraud," (AC ¶ 78); and

(3) "the terms of the original Note are fraudulent and the original Lender defrauded Plaintiff into

this wrongful debt."  (AC ¶ 79.)  Only two paragraphs in the Amended Complaint come close to

alleging fraudulent conduct:

> 26.  However, the Lender gave Plaintiff the teaser rate to entice Plaintiff into taking the
> loan, thinking this was affordable.

> 27.  The fact that it would adjust later was not disclosed.

(AC ¶¶ 26-27.)  But even these mere assertions by Plaintiffs are directly contradicted by the Note

itself, which is titled "Adjustable Rate Note," and clearly states on its first page that the so-called

"teaser" interest rate of 1.75% "may change" and that such change would occur "on the first day

of SEPTEMBER, 2005." [2]  (Blaine Decl., Ex. A, at 15.)  Any assertion that the interest rate

would not change is belied by the unambiguous terms of the Note itself, and the Court is not

required to accept such clearly contradictory allegations as true for purposes of this motion.

At best, the Amended Complaint alleges that the terms of the Note presented a risky

proposition for Plaintiffs, but does not otherwise detail the circumstances of any motive to

defraud or that Defendant acted with the requisite scienter.  Conclusory labels of fraud or

deception – as opposed to factual allegations concerning particular intentional

---

[2] Although Defendant submitted materials outside of the Amended Complaint in support of its motion to dismiss, the Court is not required to convert Defendant's motion to a motion for summary judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure.  "Where a plaintiff has actual notice of the information contained in extraneous materials and has relied on the documents in drafting the complaint, a court may consider the document[s] on a motion to dismiss."  *Fink v. Time Warner Cable*, No. 08-cv-9628 (LTS), 2009 WL 2207920, at *2 (S.D.N.Y. July 23, 2009) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)).  As the Note is "integral to the complaint," *id.* at *2, and Plaintiffs assert claims arising directly from the terms of the Note, the Court may properly consider it on Defendant's motion to dismiss.

misrepresentations, made at particular times, by particular people, through particular methods –

are legally insufficient.  *Shields v. CityTrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994)

(Rule 9(b) is no "license to base claims of fraud on speculation and conclusory allegations.");

*Shemtob v. Shearson, Hammill & Co.*, 448 F.2d 442, 444 (2d Cir. 1971) (noting that conclusory

allegations of fraud will be dismissed under Rule 9(b)).  Any common law fraud claim embodied

in Count Three of the Amended Complaint is dismissed.

    4.   Unjust Enrichment

Plaintiffs' unjust enrichment claim fails because the term "unjust enrichment" does not

appear anywhere within the three counts listed in the Amended Complaint.  Those counts

incorporate by reference the preceding allegations, which mention unjust enrichment only once,

(*see* AC ¶ 1), but such a cursory reference to a potential claim does not survive even a generous

Federal Rule of Civil Procedure 8(a)(2) analysis.  Simply put, Plaintiffs have failed to include "a

short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ.

P. 8(a)(2).  Accordingly, Plaintiffs' unjust enrichment claim is dismissed.

*      *      *

Having dismissed the entirety of the Amended Complaint, the Court declines to address

Defendant's remaining arguments for dismissal based on the doctrines of collateral estoppel and

res judicata.

## CONCLUSION

For the reasons stated above, Defendant's motion is GRANTED. The Clerk of the Court is respectfully requested to terminate the motion at ECF No. 13 and to close the case.

Dated: January *h*, 2016
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

11